IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerman O. Barton, | C/A No.: 1:13-2380-JFA-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Angela Brown, Disciplinary Officer; Michael Lawrence, Lieutenant; Wayne C. McCabe, Warden, | |
| Defendants. | |

Plaintiff Jerman O. Barton, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Disciplinary Officer Angela Brown, Lieutenant Michael Lawrence, and Warden Wayne C. McCabe (collectively, "Defendants") violated Plaintiff's right to due process during his prison disciplinary proceedings. [Entry #1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges that on January 24, 2012, Defendant Lawrence charged him with two disciplinary infractions: "(803) Riot and (820) Damage [to] Property." [Entry #1 at 3]. Plaintiff further claims that the charges were dismissed without a "request for a rehearing." *Id.* On August 3, 2012, Defendant McCabe allegedly charged Plaintiff with

1

the disciplinary offenses a second time, and Defendant Brown found Plaintiff guilty of the offenses on August 20, 2012. *Id.*

Plaintiff asserts that "there was no investigative report presented" at the hearing on August 20, 2012, and the incident report did not show Plaintiff's involvement in the offenses. *Id.* Plaintiff also claims that no witnesses or prison employees testified at the hearing, and Defendant Brown refused to allow Plaintiff to explain why he denied the charges. *Id.* at 3–4. Plaintiff lost "sentence[] related statutory good time" credits and institutional privileges as a result of the conviction. *Id.* at 4. Plaintiff seeks monetary damages. *Id.* at 5.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In the instant action, Plaintiff alleges a violation of his right to due process by Defendants.

Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539, 557–58 (1974). However, in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state

3

prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. The Supreme Court subsequently extended the holding in *Heck* to a prisoner's claim for damages regarding loss of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983"). While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations where the administrative action affects credits toward release based on good time served, *Heck* bars the § 1983 claim. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.").

In the present case, Plaintiff indicates that he lost good time credit as a result of the disciplinary conviction, but provides no facts to demonstrate that his institutional conviction has been invalidated. [Entry #1 at 2, 4; Entry #1-1]. Because *Heck*'s favorable termination requirement applies in the instant circumstance, Plaintiff's § 1983 due process claim is barred by the holdings of *Heck* and *Edwards*. Further, to the extent Plaintiff may be seeking the return of any earned good conduct time, such relief is

4

unavailable in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).   Therefore, the instant complaint is subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 13, 2013                                      Shiva V. Hodges
Columbia, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).